IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Criminal Action No. 3:12CR34

STEVEN A. CRITES and
GEORGE VANWAGNER,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT VANWAGNER'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER[62]

On February 18, 2013, the Defendant George VanWagner, through his counsel Barry P. Beck, Esquire, filed a Motion for Relief From Prejudicial Joinder, seeking to sever the Defendants' trials [ECF. No. 62]. On March 7, 2013, the Government, through Paul T. Camilletti, Assistant United States Attorney, filed the United States' Response to Defendant's Motion for Relief from Prejudicial Joinder [ECF No. 67].

The undersigned submits this Report and Recommendation upon consideration of the memoranda filed herein, the facts of the case and the applicable law without a hearing.

Defendant VanWagner states in his motion that the defendants are charged with conspiracy to commit bank fraud and individual counts of aiding and abetting each other to commit bank fraud. Defendant further states that the charges in this case are related to several real estate and loan transactions that the defendants were involved in during the course of their

1

former commercial and residential real estate development businesses. The problem the defendant anticipates in trying these cases together is that the Government has several statements from Defendant Crites incriminating Defendant VanWagner. Defendant argues that in a joint trial the admission of these statement may violate Defendant Van Wagner's sixth amendment right to confrontation. *Crawford v. Washington*, 541 U.S. 36 (2004); *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620 (1968); *United States v. Truslow*, 530 F.2d 257 (4th Cir. 1974.) Defendant argues that when an alleged statement by a co-defendant is sought to be used in a joint trial, the court must determine how the statement is intended to be used and what remedial steps are required to protect the other defendant's right to confrontation. *Id.* The court may exclude the statement at a joint trial, redact the statement so as to delete any reference to the other defendant, or grant a severance of the other defendant. *Id.*

The United States responded that the *Bruton* case holds that the Confrontation Clause of the Sixth Amendment is violated-and severance required- when a non-testifying co-defendant's confession naming the defendant as a participant in the crime is admitted, even if the jury is instructed to consider the confession only against the co-defendant. *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620 (1968). The Government argues that it is too early to address this issue, as there may not be two defendants at trial. Additionally, the United States argued sufficient redactions may be accomplished so that a defendant's statement implicating its maker may be offered into evidence without implicating the remaining defendant.

The undersigned finds that the Defendant has failed to show any actual prejudice or conflict at this time and therefore recommends the motion be denied as premature.

## RECOMMENDATION

Therefore, for the above stated reasons, the undersigned recommends that Defendant VanWagner's Motion for Relief rom Prejudicial Joinder (Document No. 62) be **DENIED** as premature and the Defendant be granted leave to refile the motion should a specific conflict arise.

Any party may file, within ten (14) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge. Failure to timely file objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon this Report and Recommendation. 28 U.S.C. § 636(b)(1).

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED** this 13th day of March 2013

_____
DAVID J. JOEL
UNITED STATES MAGISTRATE JUDGE